UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re MICHAEL RODGER BROWN,

   JENNIFER BROWN,

                    Appellant

   v.

   MICHAEL RODGER BROWN,

                    Appellee.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/9/2021

1:20-cv-03943 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      On February 11, 2021, the Court issued an Opinion and Order in this case affirming the decision of the Bankruptcy Court for the Southern District of New York (Garrity, J.) to approve title to and distribution of the parties' marital property and to expunge Appellant's equitable distribution claim. *See In re Brown*, 2021 WL 510157 (S.D.N.Y. Feb. 11, 2021). Thereafter, Appellee moved for damages and costs pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedure. *See* Motion for Award of Damages, ECF Nos. 15, 16.[1] Appellant opposes the motion. *See* Opposition to Motion for Damages, ECF No. 17. Appellant also filed a reply in further support of his motion. *See* Reply Memorandum in Further Support of Motion for Damages, ECF No. 18. Having reviewed the parties' submissions, Appellant's motion for damages and costs is DENIED.

      Rule 8020 provide that "[i]f the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion . . . award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020(a). "When reviewing a request for Rule 8020 sanctions, a

---

[1] Appellee appears to have inadvertently filed two copies of his motion. The as-filed versions are, upon the Court's review, identical.

district court must employ the standards established by Rule 38 of the Federal Rules of Appellate Procedure," *In re Negosh*, No. 06-CV-5617, 2007 WL 2445158, at *6 (E.D.N.Y. Aug. 22, 2007), and determine whether "'the appeal taken is . . . groundless, without foundation, and without merit, even though appellant did not bring it in bad faith.'" *In re Davis*, No. 03-CV-7926, 2004 WL 1336233, at *1 (S.D.N.Y. June 15, 2004) (quoting *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 119 (2d Cir. 2000)).  Among other considerations, sanctions may be appropriate where the appellant "fails to cite any authority, cites inapplicable authority, makes unsubstantiated factual assertions, asserts bare legal conclusions, or misrepresents the record." *Kristan v. Turner (In re Kristan)*, No. BAP EP 08-041, 2008 WL 8664765, at *4 (B.A.P. 1st Cir. Dec. 15, 2008).

Here, while the Court found Appellant's arguments to be without merit, they were not "groundless [and] without foundation" so as to subject her to sanctions.  *See In re Drexel Burnham Lambert Grp.*, 995 F.2d 1138, 1147 (2d Cir. 1993).  Appellant supported her arguments with citations to relevant authority and the record, especially as it related to her arguments about waiver of her equitable distribution claim.  *See* Appellant's Brief, ECF No. 8, at 15-20.  Judge Garrity wrote a nearly 40-page opinion regarding the parties' contentions, and this Court followed his thorough analysis with an additional 16 pages.  While Appellant's arguments were unsuccessful, the Court will not find that they were frivolous.

The Clerk of Court respectfully is requested to close the motions at ECF Nos. 15 and 16.

**SO ORDERED.**

Dated: New York, New York
       June 9, 2021

_____
MARY KAY VYSKOCIL
United States District Judge